THE HONORABLE JAMES L. ROBART

FILED ___ ENTERED
___ LODGED ___ RECEIVED

AUG 18 2008

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ___ DEPUTY

07-CV-01807-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MISSION CAPITAL WORKS, INC., a Washington Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SC RESTAURANTS, INC., a California Corporation; RICHARD SANG, an individual; RICHIE J.K. SANG, an individual; BROOKES J.H. SANG, an individual; SAMPSON RB, LLC, a California limited liability company; PATRICIA READ, an individual; GEORGE LEONG, an individual; and AMBER SANG a/k/a AMBER LAO, an individual,<br><br>Defendants. | Case No. C-07-1807 JLR<br><br>[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF CIVIL CONTEMPT AND SANCTIONS AGAINST SC RESTAURANTS, INC., BROOKES SANG, AND RICHIE J. K. SANG |

## I.    INTRODUCTION

This matter came before the Court upon Mission Capital Works, Inc.'s ("MCW") motion for order to show cause why contempt and punitive, compulsory, and compensatory sanctions should not issue against defendants, specifically against Richie J.K. Sang, Brookes J.H. Sang, and SC Restaurants, Inc. (collectively "defendants"). The Court has considered the written submissions of the parties, the deposition transcripts of Brookes Sang and Richie J.K. Sang, the telephonic testimony taken at the hearing of August 6, 2008, and the

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND ORDER OF SANCTIONS AND CONTEMPT: CASE NO. C-
07-1807 JLR - 1
PDX/116266/157194/CJF/2844676.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

arguments of MCW's counsel.[1] The Court deems itself apprised in the premises, and finds from clear and convincing evidence that defendants have willfully failed to comply with the Court's orders and the limited receiver's requests. Defendants are, therefore, in contempt of court. Accordingly, the court issues this order of civil contempt and sanctions against defendants in order to compel them to comply.

### A. Procedural History

#### 1. Initiation of Lawsuit and Appointment of Limited Receiver

MCW initiated this lawsuit on November 7, 2007.[2] MCW requested the appointment of a limited receiver to investigate the status of the funds loaned by MCW and to take steps to maintain the *status quo* pending an adjudication of MCW's claims.[3] On November 9, 2007, this Court entered an Order to Appoint Limited Receiver.[4]

The Court appointed Edward Hostmann, Inc., to serve as Limited Receiver (the "Receiver"), and it granted the Limited Receiver authority to (1) investigate the assets of the Sangs and SC Restaurants, Inc.; (2) take action to preserve the *status quo*, but not to operate businesses or liquidate assets; (3) take charge, enter into possession of the property of the Sangs and SC Restaurants, Inc., and create an inventory of the property; (4) preserve the *status quo* by monitoring and approve or disapprove all proposed expenditures and transfers by SCR and/or the Sangs; and (5) propound discovery, issue subpoenas, conduct depositions, and take any actions authorized by law to aid in the enforcement of the Court's Order.[5] The Order further required that the Sangs and SC Restaurants, Inc., submit to the authority of the limited receiver before making expenditures and transfers and refrain from any action contrary to the limited receiver's disapproval of expenditures or transfers.

---

[1] Defendants have not appeared in this action, either *pro se* or through counsel.
[2] Dkt. No. 1.
[3] Dkt. Nos. 2, 2-2, 3–10, and 15.
[4] Dkt. No. 14. The appointment was subsequently extended in duration, but not scope.
[5] *See* Dkt. No. 14.

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF SANCTIONS AND CONTEMPT: CASE NO. C-07-1807 JLR - 2
PDX/116266/157194/CJF/2844676.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

The limited receiver filed reports on November 28, 2007,[6] and January 31, 2008.[7] The content of those reports have never been disputed by the Sangs or SC Restaurants, Inc.

### 2. Motion for Contempt and Sanctions

On June 19, 2008, MCW moved for an order to show cause why contempt and sanctions should not issue against defendants. This motion was supported by the declaration of David Ebel, the declaration of Edward Hostmann, and the declaration of Kimberley McGair.[8] No response was received, and MCW submitted a reply memorandum requesting that the order be granted.[9]

On June 8, 2008, the Court issued a minute order, setting a hearing for July 24, 2008, at 9:00 A.M., to show cause why contempt and sanctions should not issue.[10] The Court permitted defendants to respond to MCW's motion by July 18, 2008, and MCW was permitted to reply to any such response by July 22, 2008.[11] The minute order directed MCW to attempt to provide notice of the minute order and the hearing to Richie J.K. Sang, Brookes Sang, and SC Restaurants, Inc., by sending copies of the order to last known addresses, email addresses, and fax numbers.[12] MCW was further directed to attempt notification by telephone.[13] Counsel for MCW, Colin Folawn, submitted a declaration, evidencing that these directives were followed.[14]

This method of notification was successful in providing actual notice to the

---

[6] Dkt. 26.
[7] Dkt. 69.
[8] Dkt. 97 (motion), 98 (Ebel Decl.), and 99 (proposed order).
[9] Dkt. 100.
[10] Dkt. 101.
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *See* Dkt. 102.

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF SANCTIONS AND CONTEMPT: CASE NO. C-07-1807 JLR - 3
PDX/116266/157194/CJF/2844676.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

defendants because Brookes Sang and Richie J.K. Sang submitted two declarations and an objection to the declaration of Edward Hostmann.[15] MCW submitted a reply memorandum in support of its motion, again requesting that defendants be found in contempt, sanctioned, and ordered to provide documents, information, and access necessary to trace and inventory defendants' assets.

### 3. Hearing of July 24, 2008

On July 24, 2008, a hearing was held on MCW's motion. MCW attended by and through its attorney, Colin Folawn, and company representative, Damon Maletta. No other party or attorney was in attendance. MCW moved for contempt on the affidavits, citing *Federal Trade Commission v. Productive Marketing, Inc., et al.*, 136 F. Supp. 2d 1096, 1107 (C.D. Ca. 2001), which, in turn, quoted *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999), for the proposition that where a motion for contempt was essentially unopposed, contempt could issue on the affidavits. The Court considered MCW's authority and concluded that, although the cited authority supported MCW's position, the filing of declarations and an objection by defendants constituted an opposition, albeit a marginal one. In an abundance of caution, the Court ruled that MCW needed to provide testimony in support of its motion.

MCW moved to present testimony telephonically, representing that it was prepared to call Edward Hostmann and Kimberley McGair to testify telephonically. MCW argued that there was good cause for the presentation of testimony in this manner, as the witnesses were out of the state and great expense would be incurred if they were required to travel to testify in person. The Court found that MCW had established good cause for the presentation of

---

[15] *See* Dkt. 103, 104, and 105.

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF SANCTIONS AND CONTEMPT: CASE NO. C-07-1807 JLR - 4
PDX/116266/157194/CJF/2844676.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

testimony by telephone, but required that appropriate safeguards should be put in place, in accordance with the civil rules.[16]

The Court ordered that telephonic testimony would be permitted, provided that a notary public was present with the witnesses to confirm identities and administer oaths.[17] In addition, any party who wished to present telephonic testimony was to submit a list of witnesses.[18] MCW then moved for a continuance of the hearing so that these safeguards could be established. The Court granted MCW's request and continued the hearing to Tuesday, August 5, 2008 at 10:00 A.M.[19] The hearing was subsequently re-noted to August 6, 2008 at 9:30 A.M., and parties were to submit witness lists for any telephonic testimony by Tuesday, August 5, 2008.[20]

As before, MCW was directed to attempt to provide notice of the minute order and the hearing to Richie J.K. Sang, Brookes Sang, and SC Restaurants, Inc., by sending copies of the order to last known addresses, email addresses, and fax numbers, as well as attempting telephonic notification.[21] As before, MCW's attorney submitted a declaration that evidenced MCW's compliance with the Court's directive.[22]

MCW filed and served its witness list for telephonic testimony, disclosing its intent to offer telephonic testimony from John Mitchell, Kimberley McGair, and Edward Hostmann,

---

[16] A court may permit testimony in open court by contemporaneous transmission from a different location for good cause in compelling circumstances and with appropriate safeguards. FED. R. CIV. P. 43(a).

[17] Dkt. 108.

[18] Id.

[19] Id.

[20] Dkt. 109.

[21] Id.

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF SANCTIONS AND CONTEMPT: CASE NO. C-07-1807 JLR - 5
PDX/116266/157194/CJF/2844676.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

and providing the credentials for the notary.[23] In accordance with the civil rules,[24] MCW also submitted a highlighted copy of the deposition transcripts from the limited receiver's examinations of Brookes Sang and Richie J.K. Sang.[25] Defendants filed no witness lists or any other submissions.

### 4. Hearing of August 6, 2008

On August 6, 2008, the continued hearing was held on MCW's motion for contempt and sanctions against defendants. MCW attended through its counsel, Colin Folawn. No other party or counsel was present.

MCW presented a brief opening statement in support of its motion. Ms. Cargill confirmed the identities of the witnesses, John Mitchell, Kimberley McGair, and Edward Hostmann, each of whom was present with her in a conference room at the law offices of Farleigh Wada Witt at 121 SW Morrison Street, Suite 600, Portland, Oregon 97204. Each witness was sworn in and provided contemporaneous testimony by telephone.

At the conclusion of the testimony, MCW provided additional argument in support of its motion. Based on the sworn testimony of the witnesses, the submissions of the parties, and the arguments of counsel for MCW, the Court renders the findings of fact and conclusions of law set forth below.

## II. FINDINGS OF FACT

Having reviewed the sworn testimony of witnesses, submissions of the parties, and court records on file, the Court makes the following findings of fact, which have been

---

[22] See Dkt. 110.
[23] Dkt. 111.
[24] See FED. R. CIV. P. 32(a).
[25] Dkt. 111; see id., Exhs. A, B, & C.

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF SANCTIONS AND CONTEMPT: CASE NO. C-07-1807 JLR - 6
PDX/116266/157194/CJF/2844676.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

established by clear and convincing evidence.

1. Following its appointment, the limited receiver attempted to obtain documents, information, and access to premises and accounts, in order to fulfill its intended function of preserving the *status quo*. To that end, the limited receiver acted through several individuals, including John Mitchell, Joanne Conway, Kimberley McGair, and Edward Hostmann.

2. John Mitchell is an independent contractor for the limited receiver. Following the appointment of the limited receiver, Mr. Mitchell visited and examined the Sangs' restaurants, and he made multiple requests of the Sangs for documents and information that was necessary for the limited receiver to perform its function.

3. Kimberley McGair is an attorney for the limited receiver. Ms. McGair wrote to the Sangs and their California counsel, L. Scott McClanahan, requesting documents and depositions. Ms. McGair took depositions of Brookes Sang and Richie J.K. Sang, on behalf of the limited receiver. She was also involved in the process of issuing subpoenas and retaining an investigation firm, TransWest, to investigate the Sangs' assets and accounts after they failed to provide the limited receiver with the necessary documents and information.

4. Edward Hostmann is the president of Edward Hostmann, Inc., the limited receiver. Mr. Hostmann supervised, managed, and oversaw the efforts of the limited receiver following its appointment in this matter.

5. In early and mid November 2007, John Mitchell, a representative acting on behalf of the limited receiver, traveled to California on multiple occasions, met and communicated with Brookes Sang and Richie J.K. Sang, and examined their various restaurants in California. Mr. Mitchell's purpose was to investigate assets and obtain information regarding the defendants' businesses and assets so that the Limited Receiver could maintain the *status quo*. During his first visit, the Sangs would not provide information until they were shown proof of the limited receiver bond. At a later time, after such proof

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF SANCTIONS AND CONTEMPT: CASE NO. C-07-1807 JLR - 7
PDX/116266/157194/CJF/2844676.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

1   was provided, the Sangs provided only very limited documents and information, including
2   electronic access to a single bank account, copies of some bank statements for a limited
3   period, and limited documents relating to payroll and unpaid bills.

4       3.    Mr. Mitchell attempted to establish a means by which the Sangs and SC
5   Restaurants, Inc., would request permission to make business expenditures. Considering the
6   number of establishments and the operations, there should have been several requests on a
7   daily basis, but defendants made very few requests for expenditures. Even with the requests
8   that were made to, and ultimately approved by, the limited receiver, the limited receiver was
9   not been provided with documents necessary to verify that the payments were made in the
10  manner approved. The Sangs and SC Restaurants, Inc., did not comply with the requirement
11  to obtain approval for all proposed expenditures and transfers.

12      4.    In late November 2007, the limited receiver's counsel, Kimberley McGair,
13  wrote to California attorney L. Scott McClanahan, who has not formally appeared for the
14  Sangs or SC Restaurants, Inc. Ms. McGair again requested immediate production of the
15  documents requested earlier in November. She also requested a recorded examination of the
16  Sangs. The Sangs were not examined until January 4, 2008.

17      5.    Defendants have not provided the limited receiver with any receipts, or any
18  documents of [including information regarding] profits, revenue, or income. Because the Sangs and SC Restaurants, Inc., did
19  not provide the limited receiver with the documents, information, and access necessary to
20  perform its duties, the limited receiver was forced to conduct much of its investigation
21  through the assistance of third-party records custodians. The limited receiver issued several
22  subpoenas and obtained information relating to more than twenty bank accounts. By its
23  nature, the subpoena process was slow and did not provide full information. This delay and
24  lack of information, caused by the defendants' failure to provide information, documents,
25  and access inhibited the limited receiver's ability to preserve the *status quo* during the
26  pendency of this litigation.

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND ORDER OF SANCTIONS AND CONTEMPT: CASE NO. C-
07-1807 JLR - 8
PDX/116266/157194/CJF/2844676.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

6.  To date, MCW has incurred more than $10,000.00 in fees and expenses for work performed by the limited receiver in issuing third-party subpoenas, which were critical to carry out the limited receiver's duties and which were made necessary due to defendants' failure to provide the requested documents, information, and access.

7.  To date, MCW has also incurred more than $11,313.00 in fees for work performed by the limited receiver's investigator, TransWest Investigations. TransWest was retained by the limited receiver to investigate the Sangs' and SC Restaurants's assets, properties, and other information.

8.  The limited receiver does not typically hire such investigation firms, because it is typically not necessary. In the limited receiver's experience, the subjects of a limited receiver typically cooperate and provide documents, information, and access, vitiating any need for third-party subpoenas or retaining an investigation firm. In this case, the limited receiver needed to hire TransWest to conduct the investigation because defendants failed to comply with the limited receiver's requests.

9.  During the examinations of Brookes Sang and Richie J.K. Sang, Ms. McGair learned that defendants provided documents to their mother, Patricia Read, rather than the limited receiver. In testifying before the limited receiver, defendants provided very little information regarding expenses, merely repeating that withdrawals were for restaurant expenses or operations. The Court finds the Sangs' testimony to lack credibility.

10. At no time have the Sangs and SC Restaurants, Inc., provided the limited receiver with full access to their financial records or their residences. Such documents, information, and access is necessary in order to inventory their assets, evaluate expenditures, and trace transfers of funds. Their failures have greatly impeded the limited receiver's to perform its duties under this Court's order.

11. Defendants made several financial expenditures without the approval of the limited receiver, in violation of the receiver order.

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF SANCTIONS AND CONTEMPT: CASE NO. C-07-1807 JLR - 9
PDX/116266/157194/CJF/2844676.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

12. Brookes Sang, Richie J.K. Sang, and SC Restaurants, Inc., have failed to comply with the limited receiver order in what can only be considered willful disregard. Defendants have provided no detail, few documents, and no credible explanation for their failures. Defendants also made multiple expenditures without obtaining approval.

13. The Sangs claim that records were seized under a search warrant, but the record shows no attempt to provide on their part or on their behalf ~~to provide~~ any information, access, or even an inventory of documents and information that were previously in their possession and which they now claim are possessed by a district attorney. Regardless, defendants' opposition also provides no excuse for their failure to provide access to their residences in order to inventory their personal assets.

14. The limited receiver unsuccessfully attempted to obtain documents from the district attorney. There is no evidence that defendants have ever made such an attempt.

15. Defendants have willfully refused to comply with the limited receiver order and the limited receiver's requests. Defendants are in contempt of the Court's order and the limited receiver's requests, which issued with the authority of the Court.

### III. CONCLUSIONS OF LAW

A district court has the inherent power to find a party in contempt, and it has the discretion to determine whether to impose compulsory and compensatory sanctions against an individual or entity found to be in contempt.[26] The procedure for civil contempt is to set an order to show cause hearing and to provide the contemnor an opportunity to respond and/or comply with the order.[27] That procedure has been followed in this case, culminating in the hearing of August 6, 2008. Due process considerations have been duly met, as defendants were provided with notice and an opportunity to be heard why sanctions and contempt

---

[26] *United States, et al. v. Asay, et al.*, 614 F.2d 655, 659 (9th Cir. 1980).

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF SANCTIONS AND CONTEMPT: CASE NO. C-07-1807 JLR - 10
PDX/116266/157194/CJF/2844676.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

should not issue.

The party seeking an order of civil contempt must show by clear and convincing evidence that the alleged contemnor violated the court's order.[28] Willfulness is not an element of civil contempt.[29]

MCW has demonstrated through clear and convincing evidence that defendants have violated the Court's order. Defendants have failed to provide the limited receiver with the necessary documents, information, and access necessary for it to perform its duties and preserve the *status quo*. Moreover, defendants made multiple expenditures without obtaining the limited receiver's approval. Defendants provided very limited documents and electronic access to only one bank account, in an attempt to imply that it was the only account. After defendants' willful noncompliance forced the limited receiver to issue third-party subpoenas and retain an investigation firm, the limited receiver learned of more than twenty other accounts that defendants failed to identify. Defendants have violated the court's order and are in contempt.

A party or non-party's failure to abide by an *in rem* injunction and subsequent transfer, assignment, or disposition of property subject to the injunction can be deemed to constitute contempt of court.[30] In this case, the order appointing the limited receiver sought

---

[27] *See International Union, UMWA v. Bagwell*, 512 U.S. 821, 831–834 (1994).

[28] *Federal Trade Commission v. Productive Marketing, Inc., et al.*, 136 F. Supp. 2d 1096, 1107 (C.D. Ca. 2001). Federal courts may, at their discretion, punish the disobedience of any lawful writ, process, order, rule, decree, or command by fine, imprisonment, or both, as contempt of their authority. *See* 18 U.S.C. § 401.

[29] *Productive Marketing, Inc.*, 136 F. Supp. 2d at 1107.

[30] *See generally Productive Marketing, Inc.*, 136 F. Supp. 2d at 1107–1111 (discussing noncompliance with order, noting misdirection of deposits, finding that ACCPC failed to take all reasonable steps to within its power to comply, and holding that contempt sanctions were warranted).

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF SANCTIONS AND CONTEMPT: CASE NO. C-07-1807 JLR - 11
PDX/116266/157194/CJF/2844676.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

to preserve assets and the *status quo*, enabling the limited receiver to conduct an accounting of the defendants' assets. Therefore, the order was essentially a form of *in rem* injunction.[31]

The failure to produce documents and/or information in response to a formal request for the same can also constitute contemptuous conduct.[32] Substantial compliance can be a defense to contempt, but a party must take all reasonable steps within its power to comply with a specific and definite court order.[33] In this case, no evidence shows or implies that defendants took all reasonable steps within their power to comply with the order appointing the limited receiver or the limited receiver's requests for documents, information, and access. To the contrary, the evidence shows that defendants provided only a small amount of documents, information, and access, in an effort to mislead the limited receiver, implying that there was nothing else.

Defendants' refusal to comply with the order and requests obstructed the limited receiver's ability to conduct its court-ordered investigation, greatly increasing costs. Defendants have disregarded substantially all of their obligations under the order.

Defendants have also implied that they are unable to comply because documents and computers were seized by a district attorney in California in an ongoing criminal matter. But it is axiomatic that defendants to a criminal matter are constitutionally entitled to access documents that purportedly support a charge against them. There is no evidence that

---

[31] *See id.* at 1105.

[32] *See generally id.* at 1110–1111 (discussing requirement to produce documents and accounting and finding that ACCPC "failed to comply with the Receiver's request for an accounting").

[33] *See id.* at 1105; *see also Texaco Refining and Marketing, Inc.*, 1993 U.S. Dist. LEXIS 8931, at *3 ("a person fails to act as ordered by the court when he fails to take 'all the reasonable steps within his power to insure compliance with the court's order.'") (*quoting Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146-47 (9th Cir. 1983)).

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF SANCTIONS AND CONTEMPT: CASE NO. C-07-1807 JLR - 12
PDX/116266/157194/CJF/2844676.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

defendants have made any attempt to obtain copies of or access to the purportedly seized documents. Although an inability to comply with an order is ordinarily a defense to a charge of contempt, self-induced inability is no defense.[34] Defendants' apathy and refusals to obtain or access documents and information is no defense. Defendants are in contempt of court. Therefore, the Court must determine the appropriate remedies.

Compulsory and/or compensatory sanctions, otherwise known as civil sanctions, are intended to: (1) coerce defendant into compliance with the court's order; and (2) compensate the complainant for losses sustained as a result of the contumacious behavior.[35] Civil sanctions are appropriate when the "contemnor is able to purge the contempt by his own affirmative act and 'carries the keys of the prison in his own pocket.'"[36] Imprisonment can be remedial if the contemnor stands committed unless and until he performed the affirmative act required by the court's order.[37] Conditional fines are appropriate civil sanctions when imposed to coerce compliance.[38] Courts have wide discretion to determine what compensatory contempt fine should be imposed.[39]

MCW has requested a broad range of civil contempt sanctions. As discussed below,

---

[34] See United States, et al. v. Asay, et al., 614 F.2 655, 660 (9th Cir. 1980) (citing In RE D.I. Operating Co., 240 F.Supp. 672 (D. Nev. 1965)).

[35] Id. at 1112 (citing United States v. Ayres, 166 F.3d 991, 997 (9th Cir. 1999)).

[36] Id. at 1112 (quoting Ayres, 166 F.3d at 997).

[37] Hicks v. Feiock, 485 U.S. 624, 631 (1988).

[38] See Productive Marketing, Inc., 136 F. Supp. 2d at 1111 (ordering civil sanctions to cover actual damages incurred as a result of the noncompliance and imposing $250 per day, with the amount doubling with each additional day of noncompliance where a non-party failed to report and account for certain assets and misdirected certain other assets within the receiver's authority despite numerous requests by the receiver).

[39] Asay, 614 F.2d at 660 (citing United States v. United Mine Workers, 330 U.S. 258, 304 (1947)).

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF SANCTIONS AND CONTEMPT: CASE NO. C-07-1807 JLR - 13
PDX/116266/157194/CJF/2844676.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

the Court finds defendants in contempt and orders the compulsory sanctions and compensatory terms.

## IV. ORDER OF CIVIL CONTEMPT AND SANCTIONS

The Court finds that defendants Brookes Sang, Richie J.K. Sang, and SC Restaurants, Inc. (collectively "defendants"), are in contempt of Court for their failure to provide documents, information, and access as required under the order appointing the limited receiver and the limited receiver's requests. Coercive and compulsory sanctions are necessary to obtain defendants' compliance. Accordingly, civil contempt sanctions are ordered against defendants Brookes Sang, Richie J.K. Sang, and SC Restaurants, Inc., as follows:

1. As of the date of entry of this Order, the Court imposes a conditional fine of $1,000.00 per day as to Brookes Sang, Richie J.K. Sang, and SC Restaurants, Inc., severally, but not jointly and severally. This conditional fine will continue on a daily basis for 45 days unless defendants purge themselves of contempt and terminate the conditional daily fine of $1,000.00 per day by taking the actions set forth in paragraph 6 below. The Court concludes that, although there is no statutory ceiling, the Court is to consider the financial condition of the parties and the coercive effect of the conditional fine. Accordingly, the Court finds that, at this time, the amount and extent of the conditional fine described herein is appropriate. This conditional fine, *if Brookes Sang, Richie J.K. Sang and S.C. Restaurants do not purge themselves of contempt,* is to be paid to MCW within 50 days of the entry of this order.

2. If after 45 days from the entry of this order, defendants have not purged themselves of contempt as set forth in paragraph 6 below, MCW may apply for additional civil contempt sanctions against defendants, including but not limited to incarceration for a term to continue until it no longer serves any purpose of coercion for compliance.

3. The Court further imposes compensatory terms against Brookes Sang, Richie J.K. Sang, and SC Restaurants, Inc., ~~severally, but not~~ jointly and severally, in the amount of $21,313.00, which reflects the amount of limited receiver costs and expenses that were

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF SANCTIONS AND CONTEMPT: CASE NO. C-07-1807 JLR - 14
PDX/116266/157194/CJF/2844676.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

caused and made necessary by defendants' willful disregard of the limited receiver order and requests for documents, information, and access. This amount reflects $10,000.00 in costs and expenses incurred by the issuance of subpoenas following defendants' noncompliance and $11,313.00 in costs and expenses incurred in retaining the TransWest investigation firm. Defendants are to pay these compensatory terms in the amount of $21,313.00 to MCW within 30 days of the entry of this order.

4. MCW has requested a punitive sanction of $50,000.00. Although this may seem appropriate due to defendants' clearly willful disregard of the limited receiver order and the limited receiver's requests, the majority rule is that criminal contempt proceedings cannot be brought into civil contempt proceedings. Hopefully, the civil contempt sanctions set forth elsewhere in this Order are sufficient to compel defendants' compliance. The Court, therefore, declines to order any punitive sanctions against defendants.

5. MCW has requested leave to file a subsequent petition for attorneys' fees and costs incurred with its motion for civil contempt and sanctions. At this time, the Court does not issue a ruling as to whether MCW is entitled to attorneys fees and costs. Although the Court does not comment or rule on the propriety of such a motion, at this time, the Court will hear any such motion for attorneys' fees and costs if MCW is inclined to bring it, either at a time during this litigation or at its conclusion.

6. Defendants may purge themselves of contempt by completing the following actions:

(a) provide to the limited receiver an itemized and complete identification of how moneys loaned to defendants by the plaintiff were received, deposited, allocated, and/or spent;

(b) identify to the limited receiver all bank accounts and/or investment accounts owned, controlled, and/or directed by defendants between 2006 to the present;

(c) provide to the limited receiver full access to defendants' (i) bank records, (ii)

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF SANCTIONS AND CONTEMPT: CASE NO. C-07-1807 JLR - 15
PDX/116266/157194/CJF/2844676.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

financial documents, and (iii) residences;

(d) identify to the limited receiver all expenditures made by defendants between November 9, 2007 to the present;

(e) identify to the limited receiver all assets and liabilities by defendants;

(f) provide to the limited receiver all financial records of defendants relating to all bank accounts;

(g) provide to the limited receiver all credit card processing reports of defendants between November 21, 2006, and November 21, 2007;

(h) provide to the limited receiver all bank statements of defendants between November 21, 2006, and November 21, 2007;

(i) provide to the limited receiver all cancelled checks of defendants between November 21, 2006, and November 21, 2007;

(j) provide to the limited receiver electronic access to all bank accounts of defendants;

(k) provide to the limited receiver all payroll reports of defendants between November 21, 2006, and November 21, 2007;

(l) provide to the limited receiver all documents related to any and all assets of SC Restaurants, Inc., and RB Sampson, LLC, including personal property, real property, and vehicles;

(m) provide to the limited receiver all bank statements for any and all accounts upon which defendants are account holders or signatories between November 21, 2006, and November 21, 2007;

(n) provide to the limited receiver lists of all addresses held or used by defendants since November 21, 2005;

(o) provide to the limited receiver credit card statements for any credit card held by defendants between November 21, 2006 and November 21, 2007;

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF SANCTIONS AND CONTEMPT: CASE NO. C-07-1807 JLR - 16
PDX/116266/157194/CJF/2844676.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

(p)   provide to the limited receiver access to defendants' residences to inventory all assets;

(q)   pay to MCW the compensatory terms set forth in paragraph 3, above, as well as any accrued conditional fines; and

(r)   move the Court for an order that contempt has been purged, including any and all evidence to prove that provisions (a)–(q), above, have been fulfilled.

It is so ordered.

Dated this ____ day of August, 2008.

_____
THE HONORABLE JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

Presented By:

SCHWABE, WILLIAMSON & WYATT, P.C.

By: _____
Colin Folawn, WSBA #34211
Of Attorneys for Plaintiff,
Mission Capital Works, Inc.
Schwabe, Williamson & Wyatt
1420 Fifth Avenue, Suite 3010
Seattle, WA 98101
Telephone: 206-622-1711
Facsimile: 206-292-0460
Email: cfolawn@schwabe.com

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF SANCTIONS AND CONTEMPT: CASE NO. C-07-1807 JLR - 17
PDX/116266/157194/CJF/2844676.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711