THE HONORABLE JAMES L. ROBART

07-CV-01807-ORD

___ FILED ___ ENTERED
___ LODGED ___ RECEIVED

DEC - 3 2008

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MISSION CAPITAL WORKS, INC., a Washington Corporation,

Plaintiff,

vs.

SC RESTAURANTS, INC., a California Corporation; RICHARD SANG, an individual; RICHIE J.K. SANG, an individual; BROOKES J.H. SANG, an individual; SAMPSON RB, LLC, a California limited liability company; PATRICIA READ, an individual; GEORGE LEONG, an individual; and AMBER SANG a/k/a AMBER LAO, an individual,

Defendants.

Case No. C-07-1807 JLR

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF ADDITIONAL CIVIL CONTEMPT AND SANCTIONS AGAINST SC RESTAURANTS, INC., BROOKES SANG, AND RICHIE J. K. SANG

## I.  INTRODUCTION

This matter came before the Court upon Mission Capital Works, Inc.'s ("MCW") motion for order to show cause why additional sanctions and civil contempt should not issue against defendants Richie J.K. Sang, Brookes J.H. Sang, and SC Restaurants, Inc. (collectively "defendants" or "contemnors"). The Court has considered the written submissions of the parties, the documents and records previously on file, the telephonic testimony taken at the hearing of November 21, 2008, and the arguments of MCW's counsel

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF ADDITIONAL SANCTIONS AND CIVIL CONTEMPT: CASE NO. C-07-1807 JLR - 1
PDX/116266/157194/CJF/3164943.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

and Brookes Sang.[1] The Court deems itself apprised in the premises, and finds from clear and convincing evidence that defendants have, once again, willfully failed to comply with the Court's orders and the limited receiver's requests. Defendants are and remain, therefore, in contempt of court. Accordingly, the Court issues this order of additional civil contempt and sanctions against defendants in order to compel them to comply.

### A. Procedural History

#### 1. Contempt Order of August 18, 2008

This matter came before the Court following its Order of August 18, 2008, in which this Court found defendants in contempt of court, upon clear and convincing evidence, and entered findings of fact and conclusions of law. Rather than set forth the procedural history prior to that Order, the Court refers to and incorporates by reference the Order herein.

#### 2. Motion for Additional Sanctions and Civil Contempt

On October 9, 2008, MCW moved for an order to show cause why contempt and sanctions should not issue against defendants.[2] This motion was supported by the declaration of Colin Folawn.[3] No response was received, and MCW submitted a reply memorandum requesting that the order be granted.[4]

On October 27, 2008, the Court issued a minute order, setting a hearing for November 21, 2008, at 9:30 A.M., to show cause why contempt and sanctions should not issue.[5] The Court permitted defendants to respond to MCW's motion by November 17, 2008, and MCW was permitted to reply to any such response by November 19, 2008.[6] The minute

---

[1] Defendants have not appeared in this action, either *pro se* or through counsel, nor have they answered the complaint. Brookes Sang appeared telephonically during the hearing of November 21, 2008.

[2] Dkt. 115.

[3] Dkt. 116.

[4] Dkt. 119.

[5] Dkt. 120.

[6] *Id.*

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF ADDITIONAL SANCTIONS AND CIVIL CONTEMPT: CASE NO. C-07-1807 JLR - 2
PDX/116266/157194/CJF/3164943.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

order directed MCW to attempt to provide notice of the minute order and the hearing to Richie J.K. Sang, Brookes Sang, and SC Restaurants, Inc., by sending copies of the order to last known addresses, email addresses, and fax numbers.[7] MCW was further directed to attempt notification by telephone.[8] Counsel for MCW, Colin Folawn, submitted a declaration, evidencing that these directives were not only followed, but that they resulted in actual notice to the defendants.[9]

Richie J.K. Sang and Brookes Sang submitted declarations in response to MCW's motion for additional sanctions and contempt.[10] MCW submitted a reply memorandum in support of its motion.[11]

### 3. Hearing of November 21, 2008

The Court held a hearing on MCW's motion on November 21, 2008. MCW attended by and through its attorney, Colin Folawn. Also present was MCW's president and owner, Damon Maletta. Attending by phone was Brookes Sang, who was accompanied by a notary. No other party or attorney attended. MCW presented testimony from Kimberley Hanks McGair, the attorney for the limited receiver, Edward Hostmann, Inc.[12] Following the testimony of Ms. McGair, Brookes Sang testified telephonically on his own behalf. Based on the sworn testimony of the witnesses, the submissions of the parties, the arguments of counsel for MCW, and the arguments of Brookes Sang, the Court renders the findings of fact

---

[7] Id.

[8] Id.

[9] See Dkt. 124.

[10] Dkts. 121–122.

[11] Dkt. 123.

[12] This testimony was taken telephonically, with appropriate safeguards. FED. R. CIV. P. 43(a) (providing that a court may permit testimony in open court by contemporaneous transmission from a different location for good cause in compelling circumstances and with appropriate safeguards). Oregon notary Julie Durkin confirm Ms. McGair's identity and swore her in

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF ADDITIONAL SANCTIONS AND CIVIL CONTEMPT: CASE NO. C-07-1807 JLR - 3
PDX/116266/157194/CJF/3164943.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

and conclusions of law set forth below.

## II. FINDINGS OF FACT

Having reviewed the sworn testimony of witnesses, submissions of the parties, and court records on file, the Court makes the following findings of fact, which have been established by clear and convincing evidence. The Court incorporates by reference the findings of fact and conclusions of law entered in the Order of August 18, 2008. The instant Order does not alter and is without prejudice to the Order of August 18, 2008.

1. On August 18, 2008, the Court found Brookes Sang, Richie J.K. Sang, and SC Restaurants Inc. in civil contempt and issued conditional sanctions and compensatory terms against them, in order to compel compliance with the Court's orders, including the orders and requests relating to the appointment of the limited receiver, Edward Hostmann Inc. The contemnors were permitted to purge themselves of contempt by taking the following actions:

(a) provide to the limited receiver an itemized and complete identification of how moneys loaned to defendants by the plaintiff were received, deposited, allocated, and/or spent;

(b) identify to the limited receiver all bank accounts and/or investment accounts owned, controlled, and/or directed by defendants between 2006 to the present;

(c) provide to the limited receiver full access to defendants' (i) bank records, (ii) financial documents, and (iii) residences;

(d) identify to the limited receiver all expenditures made by defendants between November 9, 2007 to the present;

(e) identify to the limited receiver all assets and liabilities by defendants;

(f) provide to the limited receiver all financial records of defendants relating to all bank accounts;

remotely.

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF ADDITIONAL SANCTIONS AND CIVIL CONTEMPT: CASE NO. C-07-1807 JLR - 4
PDX/116266/157194/CJF/3164943.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave, Suite 3010
Seattle, WA 98101
206.622.1711

(g) provide to the limited receiver all credit card processing reports of defendants between November 21, 2006, and November 21, 2007;

(h) provide to the limited receiver all bank statements of defendants between November 21, 2006, and November 21, 2007;

(i) provide to the limited receiver all cancelled checks of defendants between November 21, 2006, and November 21, 2007;

(j) provide to the limited receiver electronic access to all bank accounts of defendants;

(k) provide to the limited receiver all payroll reports of defendants between November 21, 2006, and November 21, 2007;

(l) provide to the limited receiver all documents related to any and all assets of SC Restaurants, Inc., and RB Sampson, LLC, including personal property, real property, and vehicles;

(m) provide to the limited receiver all bank statements for any and all accounts upon which defendants are account holders or signatories between November 21, 2006, and November 21, 2007;

(n) provide to the limited receiver lists of all addresses held or used by defendants since November 21, 2005;

(o) provide to the limited receiver credit card statements for any credit card held by defendants between November 21, 2006 and November 21, 2007;

(p) provide to the limited receiver access to defendants' residences to inventory all assets;

(q) pay to MCW the sanctions and compensatory terms set forth in the Order of August 18, 2008; and

(r) move the Court for an order that contempt has been purged, including any and all evidence to prove that provisions (a)–(q), above, have been fulfilled.

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF ADDITIONAL SANCTIONS AND CIVIL CONTEMPT: CASE NO. C-07-1807 JLR - 5
PDX/116266/157194/CJF/3164943.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

2.   On September 6, 2008 and September 10, 2008, Brookes Sang emailed Kimberley McGair, asking what was needed of him. Ms. McGair responded via email on September 10, 2008, attaching a copy of the Order of August 18, 2008, and noting the section of the Order that specifically identified the actions that the Sangs needed to take and the information that the Sangs needed to provide in order to purge themselves of contempt.

3.   On September 25, 2008, Brookes Sang emailed Ms. McGair, attaching a document entitled "Reply to Request of Information," and stating that the document showed "what we have and what we would need to purge the contempt order." The attached document stated that the Sangs did not have the documents or information that they were required to obtain and produce in order to purge the contempt order. The document represented that SC Restaurants had no assets and that Sampson RB was "not party." It further represented that Brookes Sang and Richie J.K. Sang each owned a car, and that they had "Tax Liability," in an undisclosed amount. The document listed SC Restaurant's liabilities as follows: "Many vendors, advertisers, and tax liability." The email message and its attachment did not state what actions, if any, the Sangs had made to obtain the required documents and information, nor whether they had made any effort to obtain documents and information that the Sangs claim were seized by a prosecutor in California.

4.   On September 29, 2008, Ms. McGair emailed Brookes Sang, noting that his email and attachment provided almost no information and reminding that if documents could be obtained from third parties, then such documents must be obtained. Ms. McGair further stated that, if documents were in the possession of the district attorney, then the Sangs needed to use their rights as defendants to inspect and/or copy the documents in order to provide them to the receiver. Ms. McGair also stated that Brookes Sang's prior communication showed no attempt to identify bank accounts or explain how moneys loaned by the plaintiff were received, deposited, allocated, or spent.

5.   On September 29, 2008, Richie Sang emailed Ms. McGair, stating that he and

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND ORDER OF ADDITIONAL SANCTIONS AND CIVIL
CONTEMPT: CASE NO. C-07-1807 JLR - 6
PDX/116266/157194/CJF/3164943.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

Brookes were not part of the negotiations regarding the advancement of funds and that they did not sign any documents with Mission Capital. Richie Sang made additional arguments regarding the merits of the claims. He further claimed that he and Brookes Sang were "completely broke," could not pay for an attorney or necessities, and had ruined credit. He further claimed that Ms. McGair was "asking for things that we don't have or have the money to get." Richie Sang said that he wanted to cooperate and would try to locate the bank statements seized by the District Attorney, and he requested yet another copy of the order of August 18, 2008.

6. On September 30, 2008, Ms. McGair replied to Richie Sang, stating that his email message related to the claims and defenses in the case, issues which were best directed to counsel for MCW. Ms. McGair further stated that the Court's Order was clear as to the documents and information that needed to be produced and that the receiver was neither inclined nor able to modify the Order. Ms. McGair attached another copy of the Order, in response to Richie Sang's request.

7. The email messages from the Sangs, including their "Reply to Request of Information," neither comply nor substantially comply with the Order of August 18, 2008.

8. Brookes Sang testified that his attorney in another matter requested documents from the prosecutor, but that Mr. Sang had not received copies of those letters.

9. Despite the Order of August 18, 2008, the Court finds upon clear and convincing evidence that Brookes Sang, Richie J.K. Sang, and SC Restaurants Inc. have not provided the limited receiver with the required documents and information, nor have Brookes Sang, Richie J.K. Sang, and SC Restaurants Inc. provided credible evidence that they have taken any steps, let alone reasonable steps, to obtain the documents and information. Their continuing failure or refusal to provide the limited receiver with full access to their financial documents and information prevents the limited receiver from

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF ADDITIONAL SANCTIONS AND CIVIL CONTEMPT: CASE NO. C-07-1807 JLR - 7
PDX/116266/157194/CJF/3164943.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

inventorying their assets, evaluating expenditures, and tracing transfers of funds. This, in turn, greatly impedes the limited receiver's to perform its duties under this Court's order.

10. Brookes Sang, Richie J.K. Sang, and SC Restaurants, Inc., continuing failures can only be considered willful disregard. During this litigation, defendants have provided no detail, few documents, and no credible explanation for their failures.

11. The Sangs claim that records were seized under a search warrant, but the record shows no attempt to provide on their part or on their behalf to provide any information, access, or even an inventory of documents and information that were previously in their possession and which they now claim are possessed by a district attorney. Regardless, defendants' opposition also provides no excuse for their failure to provide access to their residences in order to inventory their personal assets.

12. Defendants have willfully refused to comply with the limited receiver order and the limited receiver's requests. Defendants are in contempt of the Court's orders, the limited receiver's requests, which issued with the authority of the Court, and the Order of August 18, 2008.

### III. CONCLUSIONS OF LAW

This Court has the inherent power to find a party in contempt, and it has the discretion to determine whether to impose compulsory and compensatory sanctions against an individual or entity found to be in contempt.[13] The procedure for civil contempt is to set an order to show cause hearing and to provide the contemnor an opportunity to respond and/or comply with the order.[14] That procedure has been followed twice in this case, culminating most recently in the hearing of November 21, 2008. Due process considerations have been met, as defendants were provided with actual notice and an opportunity to be

---

[13] *United States, et al. v. Asay, et al.*, 614 F.2d 655, 659 (9th Cir. 1980).

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF ADDITIONAL SANCTIONS AND CIVIL CONTEMPT: CASE NO. C-07-1807 JLR - 8
PDX/116266/157194/CJF/3164943.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

heard why sanctions and contempt should not issue. Brookes Sang and Richie J.K. Sang submitted declarations opposing MCW's motion for additional sanctions and contempt. Brookes Sang attended the hearing of November 21, 2008, by telephone.

The party seeking an order of civil contempt must show by clear and convincing evidence that the alleged contemnor violated the court's order.[15] The Court finds that MCW has satisfied this burden.

MCW has demonstrated through clear and convincing evidence that defendants are in continuing violation of the Court's orders. Defendants have failed to provide the limited receiver with the necessary documents, information, and access necessary for it to perform its duties and preserve the *status quo* and to trace assets. Indeed, defendants have failed to take any steps to obtain the documents and information that must be provided. Defendants continue to violate the Court's orders and are in contempt.

Substantial compliance can be a defense to contempt, but a party must take all reasonable steps within its power to comply with a specific and definite court order.[16] In this case, no credible evidence shows or implies that defendants took all reasonable steps within their power to comply with the order appointing the limited receiver or the limited receiver's requests for documents, information, and access. To the contrary, the evidence shows that

---

[14] *See International Union, UMWA v. Bagwell*, 512 U.S. 821, 831–834 (1994).

[15] *Federal Trade Commission v. Productive Marketing, Inc., et al.*, 136 F. Supp. 2d 1096, 1107 (C.D. Ca. 2001). Federal courts may, at their discretion, punish the disobedience of any lawful writ, process, order, rule, decree, or command by fine, imprisonment, or both, as contempt of their authority. *See* 18 U.S.C. § 401.

[16] *See id.* at 1105; *see also Texaco Refining and Marketing, Inc.*, 1993 U.S. Dist. LEXIS 8931, at *3 ("a person fails to act as ordered by the court when he fails to take 'all the reasonable steps within his power to insure compliance with the court's order.") (*quoting Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146-47 (9th Cir. 1983)).

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF ADDITIONAL SANCTIONS AND CIVIL CONTEMPT: CASE NO. C-07-1807 JLR - 9
PDX/116266/157194/CJF/3164943.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

defendants have taken no real steps to comply with the Court's orders or purge themselves of contempt. There is no credible evidence that defendants have made any attempt to obtain copies of or access to the purportedly seized documents. Although an inability to comply with an order is ordinarily a defense to a charge of contempt, self-induced inability is no defense.[17] Defendants' apathy and refusals to obtain or access documents and information is no defense. Defendants are in contempt of court. Therefore, the Court must determine the appropriate remedies.

Compulsory and/or compensatory sanctions, otherwise known as civil sanctions, are intended to: (1) coerce defendant into compliance with the court's order; and (2) compensate the complainant for losses sustained as a result of the contumacious behavior.[18] Civil sanctions are appropriate when the "contemnor is able to purge the contempt by his own affirmative act and 'carries the keys of the prison in his own pocket.'"[19] Conditional fines are appropriate civil sanctions when imposed to coerce compliance.[20] Courts have wide discretion to determine what compensatory contempt fine should be imposed.[21] The Court orders the compulsory sanctions and compensatory terms set forth below.

---

[17] See United States, et al. v. Asay, et al., 614 F.2 655, 660 (9th Cir. 1980) (citing In RE D.I. Operating Co., 240 F.Supp. 672 (D. Nev. 1965)).

[18] Id. at 1112 (citing United States v. Ayres, 166 F.3d 991, 997 (9th Cir. 1999)).

[19] Id. at 1112 (quoting Ayres, 166 F.3d at 997).

[20] See Productive Marketing, Inc., 136 F. Supp. 2d at 1111 (ordering civil sanctions to cover actual damages incurred as a result of the noncompliance and imposing $250 per day, with the amount doubling with each additional day of noncompliance where a non-party failed to report and account for certain assets and misdirected certain other assets within the receiver's authority despite numerous requests by the receiver).

[21] Asay, 614 F.2d at 660 (citing United States v. United Mine Workers, 330 U.S. 258, 304 (1947)).

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF ADDITIONAL SANCTIONS AND CIVIL CONTEMPT: CASE NO. C-07-1807 JLR - 10
PDX/116266/157194/CJF/3164943.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

## IV. ORDER OF CIVIL CONTEMPT AND SANCTIONS

The Court finds that defendants Brookes Sang, Richie J.K. Sang, and SC Restaurants, Inc. (collectively "defendants"), are in continuing contempt of Court for their failure to provide documents, information, and access as required under the order appointing the limited receiver and the limited receiver's requests. Coercive and compulsory sanctions are necessary to obtain defendants' compliance. Accordingly, civil contempt sanctions are ordered against defendants Brookes Sang, Richie J.K. Sang, and SC Restaurants, Inc., as follows:

1. As of the date of entry of this Order, the Court imposes a conditional fine of $2,000.00 per day, per contemnor. This conditional fine will continue on a daily basis for 10 days unless defendants purge themselves of contempt by taking the actions set forth in paragraph 5 below. The Court concludes that, although there is no statutory ceiling, the Court is to consider the financial condition of the parties and the coercive effect of the conditional fine. Accordingly, the Court finds that, at this time, the amount and extent of the conditional fine described herein is appropriate. This conditional fine *if Brookes Sang, Richie J.K. Sang and S.C. Restaurants do not purge themselves of contempt,* is to be paid to MCW within 30 days of the entry of this order.

2. The Court declines to impose imprisonment as a coercive sanction.

3. This Order is without prejudice to the Order of August 18, 2008, and Brookes Sang, Richie J.K. Sang, and SC Restaurants, Inc., are hereby directed to pay all accrued sanctions and civil contempt as ordered therein.

4. MCW has requested leave to file a subsequent petition for attorneys' fees and costs incurred with its motion for civil contempt and sanctions. At this time, the Court does not issue a ruling as to whether MCW is entitled to attorneys fees and costs. Although the Court does not comment or rule on the propriety of such a motion, at this time, the Court will hear any such motion for attorneys' fees and costs if MCW is inclined to bring it, either at a time during this litigation or at its conclusion.

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF ADDITIONAL SANCTIONS AND CIVIL CONTEMPT: CASE NO. C-07-1807 JLR - 11
PDX/116266/157194/CJF/3164943.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

5.  Defendants may purge themselves of contempt by completing the following actions:

(a) provide to the limited receiver an itemized and complete identification of how moneys loaned to defendants by the plaintiff were received, deposited, allocated, and/or spent;

(b) identify to the limited receiver all bank accounts and/or investment accounts owned, controlled, and/or directed by defendants between 2006 to the present;

(c) provide to the limited receiver full access to defendants' (i) bank records, (ii) financial documents, and (iii) residences;

(d) identify to the limited receiver all expenditures made by defendants between November 9, 2007 to the present;

(e) identify to the limited receiver all assets and liabilities by defendants;

(f) provide to the limited receiver all financial records of defendants relating to all bank accounts;

(g) provide to the limited receiver all credit card processing reports of defendants between November 21, 2006, and November 21, 2007;

(h) provide to the limited receiver all bank statements of defendants between November 21, 2006, and November 21, 2007;

(i) provide to the limited receiver all cancelled checks of defendants between November 21, 2006, and November 21, 2007;

(j) provide to the limited receiver electronic access to all bank accounts of defendants;

(k) provide to the limited receiver all payroll reports of defendants between November 21, 2006, and November 21, 2007;

(l) provide to the limited receiver all documents related to any and all assets of SC Restaurants, Inc., and RB Sampson, LLC, including personal property, real property, and

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF ADDITIONAL SANCTIONS AND CIVIL CONTEMPT: CASE NO. C-07-1807 JLR - 12
PDX/116266/157194/CJF/3164943.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

1  vehicles;

2  (m) provide to the limited receiver all bank statements for any and all accounts upon which defendants are account holders or signatories between November 21, 2006, and November 21, 2007;

(n) provide to the limited receiver lists of all addresses held or used by defendants since November 21, 2005;

(o) provide to the limited receiver credit card statements for any credit card held by defendants between November 21, 2006 and November 21, 2007;

(p) provide to the limited receiver access to defendants' residences to inventory all assets;

(q) pay to MCW all terms set forth in the Order of August 18, 2008, as well as the conditional fine set forth in paragraph 1, above, as well as all accrued conditional fines, sanctions, and compensatory terms under the Order of August 18, 2008; and

(r) move the Court for an order that contempt has been purged, including any and all evidence to prove that provisions (a)–(q), above, have been fulfilled.

It is so ordered.

Dated this 3rd day of December, 2008.

THE HONORABLE JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

//
//
//
//
//

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF ADDITIONAL SANCTIONS AND CIVIL CONTEMPT: CASE NO. C-07-1807 JLR - 13
PDX/116266/157194/CJF/3164943.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711

1  Presented By:

2  SCHWABE, WILLIAMSON & WYATT, P.C.

3

4  By: /s/ Colin Folawn
       Colin Folawn, WSBA #34211
5      Of Attorneys for Plaintiff,
       Mission Capital Works, Inc.
6      Schwabe, Williamson & Wyatt
       1420 Fifth Avenue, Suite 3010
7      Seattle, WA 98101
       Telephone: 206-622-1711
8      Facsimile: 206-292-0460
       Email: cfolawn@schwabe.com
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF ADDITIONAL SANCTIONS AND CIVIL CONTEMPT: CASE NO. C-07-1807 JLR - 14
PDX/116266/157194/CJF/3164943.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206.622.1711